Michael Stein, Esq. (Nevada Bar No. 4760)
Kelly Dove, Esq. (Nevada Bar No. 10569)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
E-mail: mstein@swlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>VIKAS CHADDAH,<br><br>Defendant. | Case No.: 2:10-cv-00183-RCJ-RJJ |

**REVISED ORDER APPOINTING RECEIVER**

Pursuant to the "Application for Appointment of Receiver" ("the Application"), the "Affidavit in Support of Application for Appointment of Receiver" (the "Affidavit"), and the "Verified Complaint" (the "Complaint") of Bank of America, National Association, the successor-in-interest by merger with LaSalle Bank National Association ("Lender" or "Plaintiff"), the Court having reviewed the pleadings and papers on file herein and heard the arguments presented by the parties at any hearing scheduled for this matter, and good cause appearing therefor:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. APPOINTMENT OF RECEIVER: Dotan Melech ("Receiver") is hereby appointed Receiver in this action, such appointment shall be effective upon the 29th day of

11369533.1

1      \_\_\_\_\_March\_\_\_\_\_, 2010.

2. POSSESSION OF RECEIVER: The Receiver shall have and take possession of: (a) the real property bearing Assessor Parcel Numbers 139-27-810-024, 139-27-810-025, 139-27-810-026 and 139-27-810-029 ("Real Property 8519111"); (b) the real property bearing Assessor Parcel Number 139-21-510-161 ("Real Property 8519099" and, together with Real Property 8519111, the "Real Property"); and (c) all personal, tangible and intangible property (including, without limitation, all land, buildings and structures, leases, fixtures and movable personal property) included in the "Property" as defined in the "Multi-family Deed of Trust Assignment of Rents and Security Agreement" dated as of July 2, 2004, and attached as Exhibit 2 to Plaintiff's Verified Complaint ("Deed of Trust 8519111"), and the "Multi-family Deed of Trust Assignment of Rents and Security Agreement" dated as of July 2, 2004, and attached as Exhibit 9 to Plaintiff's Verified Complaint ("Deed of Trust 8519099" and, together with Deed of Trust 8519111, the "Deeds of Trust").

3. The real and personal property subject to this Order includes, without limitation, the right, title and interest of Defendant, Vikas Chaddah ("Borrower" or "Defendant") in, on and to, (i) the Real Property; (ii) all buildings, improvements, tenements now or hereafter erected on the Real Property, and all heretofore or hereafter vacated alleys and streets abutting the Real Property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock appurtenant to the property, and all fixtures, machinery, equipment, engines, boilers, incinerators, building materials, appliances and goods of every nature whatsoever now or hereafter located in, or on, or used, or intended to be used in connection with the Real Property; (iii) all elevators, and related machinery and equipment, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, mirrors, cabinets, paneling, rugs, attached floor coverings, furniture, pictures, antennas, trees and plants, and all other personal property necessary for the operation of the Real Property and (iv) any and all other property interests and rights related to the Real Property as

Snell & Wilmer L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

more particularly described in the Deeds of Trust (collectively, hereinafter referred to as the "Property") and (b) all the rents, issues, deposits and revenues of the Property, including those now due, past due, or to become due by virtue of any lease or other agreement for occupancy or use of any part of the Property, regardless of to whom the rents and revenues of the Property are payable (the "Rents").

    4.    DUTIES OF RECEIVER: The Receiver is granted the following powers and duties:

    a.    To enter on and take possession of the Property;

    b.    To care for, preserve, and maintain the Property pending this Court's determination of any issues relating to the ownership or title to such Property;

    c.    To incur all expenses necessary for the care, preservation, maintenance of the Property;

    d.    To take from Borrower, their agents and employees, immediate possession of the Property and all things of value relating thereto, including, without limitation, its Rents, revenues, royalties, issues, income, payments and profits, and any and all personal property used or associated therewith, regardless of where such property is located, including, but not limited to, rental payments, lease payments, insurance payments, condemnation awards, operating accounts, bank accounts, security deposits, records, files, reports, studies, options, contracts, leases, occupancy agreements, rent rolls, permits, licenses, franchise agreements, reservation systems, reservations, credit card receivables, checks, drafts, notes, documents, accounts receivable, and al other things and articles of any kind or type used or associated therewith;

    e.    To develop, construct, and lease the Property, or portions thereof;

    f.    To employ or terminate the employment of any Nevada licensed person or firm to perform construction of on- and off-site improvements and buildings on or with respect to the Property and to manage such construction work with respect to the Property;

11369533.1

- 3 -

g. To operate, manage, control and conduct the Property and its business and incur the expenses necessary in such operation, management, control, and conduct in the ordinary and usual course of business, and do all things and incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar properties, and no such risks or obligations so incurred shall be the personal risk or obligation of Receiver, but shall be a risk or obligation of the receivership estate;

h. To demand, collect and receive all Rents derived from the Property, or any part thereof, including all proceeds in the possession of Borrower, or other third parties which are or were derived from the Rents generated by the Property;

i. To deliver all Rents and proceeds from the Property in accordance with the Deeds of Trust.

j. To bring and prosecute all proper actions against persons for the (i) collection of Rents derived from the Property, (ii) removal from the Property of persons not entitled to entry thereon, (iii) protection of the Property, (iv) damage caused to the Property; and (v) recovery of possession of the Property;

k. To employ or terminate any person or firm to collect, manage, lease, maintain, secure and operate the Property if the Receiver deems it necessary or appropriate in his discretion and judgment to do so;

l. To retain existing employees of Borrower or related parties as employees in order to continue any business operations, in which case payroll taxes, workers compensation insurance and related costs will be carried and reported as those of Borrower, and not of Receiver and the Receiver may, in the alternative at his sole discretion, carry all employees as those of any management company or other entity hired by the Receiver;

m. To hire, employ, pay and terminate servants, agents, employees, clerks and accountants, purchase materials, supplies, advertising, and other services at ordinary and usual rates and prices using funds that shall come into the Receiver's possession in order to preserve the status quo;

    n.    To borrow such funds from Lender as may be necessary to satisfy the costs and expenses of the receivership, to the extent that the net Rents derived from the Property are insufficient to satisfy such costs and expenses. All amounts borrowed by the Receiver pursuant to this paragraph shall be deemed secured advances to be added to the loan and secured by the Deeds of Trust. The Deeds of Trust encumbering the Property shall retain its lien priority as to the entire loan, including said advances, notwithstanding the fact that said advances shall increase the outstanding indebtedness of the loan. The Receiver is further authorized to issue and execute such documents as may be necessary to evidence the obligation to repay the advances, including but not limited to, the issuance of a receiver's Certificates of Indebtedness evidencing the obligation of the receivership estate (and not the Receiver individually) to repay such sums. The principal sum of each such certificate or document, together with reasonable interest thereon, shall be payable out of the next available funds which constitute Rents;

    o.    Any security or other deposits which tenants have paid to Borrower or its agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of the Borrower and may not be rendered by the Receiver without further order of the Court. Any other security or other deposits which the tenants or other third parties have paid or may pay to the Receiver, if otherwise refundable under the terms of their leases or agreements with the Receiver, shall be expenses of the subject property and refunded by the Receiver in accordance with the leases or agreements;

    p.    To hire, employ, retain, and/or terminate attorneys, certified public accountants, investigators, security guards, consultants, property management companies, brokers, construction management companies, appraisers, title companies, licensed construction control companies, and any other personnel or employees which the Receiver deems necessary to assist him in the discharge of his duties;

11369533.1

q. To retain environmental specialists to perform environmental inspections and assessments of the Property if deemed necessary and, if deemed necessary and advisable in the discretion of the Receiver, to remediate the Property or remove any dispose of contaminates, if any, effecting the Property;

r. To maintain adequate insurance over the Property to the same extent and in the same manner as it has heretofore been insured, or as in the judgment of Receiver may seem fit and proper, and to cause all presently existing policies to be amended by adding Receiver and the receivership estate as an additional insured within 10 days of the entry of this Order.  If there is inadequate insurance or insufficient funds in the receivership estate to procure adequate insurance, Receiver is directed to immediately petition the court for instructions.  During the period in which the Property is uninsured or underinsured, Receiver shall not be personally responsible for any claims arising therefore;

s. To pay all necessary insurance premiums for such insurance and all taxes and assessments levied on the Property during the receivership;

t. To take possession and control of all the records, correspondence, insurance policies, books and accounts of Borrower and the Property which refer to the assets, the ongoing construction of any uncompleted buildings and improvements on the Property, the lease and/or conveyance of any completed buildings and improvements on the Property, Rents and/or liabilities pertaining to the Property, to open all mail and other correspondence received in connection with the Property whether addressed to Borrower or otherwise, to access all office equipment used by Borrower in connection with the development, construction, improvement, leasing, sales, marketing and/or conveyance of the Property and the buildings thereon, including all computer equipment, all software programs and passwords, and any other information, data, equipment or items necessary for the operation of Borrower business with respect to the Property, whether in the possession and control of Borrower or its agents, servants or employees, provided, however, that

such books and/or records shall be made available for the use of the agents, servants and employees of Borrower in the normal course of the performance of their duties;

u.  To obtain copies of any and all plans, specifications and drawings pertaining to or effecting any part or all of the Property and to be authorized to obtain such plans, specifications and drawings from Plaintiff, from architects and contractors retained or formerly retained by Plaintiff, or from the city, municipality, county or state on which such Property is situated if the Receiver deems it necessary or advisable in his discretion to do so;

v.  To continue in effect any contracts presently existing and not in default relating to the Property;

w.  To enter into and modify contracts affecting any part or all of the Property, including, without limitation, any and all leases affecting the Property. In addition, the Receiver shall have the authority to immediately terminate any existing contract, agreement, or instrument which is not, in Receiver's sole discretion, deemed commercially reasonable or beneficial to the Property. The Receiver shall not be bound by any contract between the Borrower and any third party that the Receiver does not expressly assume in writing;

x.  To make any repairs to the Property that the Receiver, in his discretion deems necessary or appropriate;

y.  To pay and discharge out of the funds coming into his hands all the expenses of the receivership and the costs and expenses of operation and maintenance of the Property, including all Receiver's and related fees, taxes, governmental assessments and charges and the nature thereof lawfully imposed upon the Property;

z.  To have the power to advance funds to keep current any liens, if any, taxes and assessments encumbering the Property which are senior to any lien arising under the Deeds of Trust;

11369533.1

- 7 -

aa. To expend funds to purchase merchandise, supplies and services as the Receiver deems necessary and advisable to assist him in performing his duties hereunder and to pay therefore the ordinary and usual rates and prices out of the funds that may come into the possession of the Receiver;

bb. To apply, obtain and pay any reasonable fees for any lawful license, permit or other governmental approval relating to the Property or the operation thereof; confirm the existence of and, to the extent permitted by law, exercise the privileges of any existing license or permit or the operation thereof, and do all things necessary to protect and maintain such licenses, permits and approvals;

cc. To apply for, transfer, obtain and renew, as necessary to prevent the loss of or loss of use of all licenses, permits and entitlements required for the operation of the Property or issued in connection therewith;

dd. With respect to any operation or activity that is now conducted on the Property or is customarily conducted on similar properties, and that may lawfully be conducted only under governmental license or permit, to continue such operation or activity under the licenses or permits issued to Borrower subject to compliance with the terms thereof;

ee. To notify all local, state and federal governmental agencies, all vendors and suppliers, and any and all others who provide goods or services to the Property of his appointment as Receiver. No utility may terminate service to the Property as a result of non-payment of pre-receivership obligations without prior order of this Court. No insurance company may cancel its existing current-paid policy as a result of the appointment of the Receiver, without prior order of this Court;

ff. To open and utilize bank accounts for receivership funds. The Receiver is authorized and empowered to use the Borrower's tax identification number to establish bank accounts at any bank the Receiver deems appropriate for the deposit of monies and funds collected and received in connection with his administration of the Property. As to any existing accounts relating to the Property, the Receiver

shall be entitled to manage and modify such accounts, including, without limitation, the ability to change existing signature cards to identify the Receiver as the authorized party for such accounts, limit the use of such accounts by others, and/or to close such accounts as the Receiver deems appropriate;

gg. To present for payment any checks, money orders or other forms of payment made payable to Borrower which constitute Rents of the Property, endorse same and collect the proceeds thereof, such proceeds to be used and maintained as elsewhere provided herein;

hh. The Receiver shall prepare on a monthly basis, commencing 30 days after his appointment, so long as the such property shall remain in his possession or care, reports for the Property setting forth all receipts and disbursements, cash flow, changes in the assets in his charge, claims against the assets in his charge, and other relevant operational issues that have occurred during the preceding month. The Receiver is directed to file such reports with the Clerk of this Court. The Receiver shall serve a copy of this report on the attorneys of record for the parties and any other interested parties who request the same;

ii. The Receiver shall charge the rates set forth in the material regarding the Receiver attached as Exhibit B to the Application for Appointment of Receiver. The Receiver shall primarily use the services of his personnel to manage the Property at the rates provided, pursuant to the fee schedule attached thereto. In addition, the Receiver shall be reimbursed for all expenses incurred by the Receiver on behalf of the Property. The Receiver, his management company, his consultants, agents, employees, legal counsel, and professionals shall be paid on a monthly basis. To be paid on a monthly basis, the Receiver must file a statement of account with the Court and serve a copy on all parties each month for the time and expense incurred in the preceding calendar month. If no objection thereto is filed and served on or within ten (10) days following service thereof, such statement of account may be paid. If an objection is timely filed and served, such statement of account shall not

|   |     |   |
|---|---|---|
| 1 |     | be paid absent further order of the Court. In the event objections are timely made |
| 2 |     | to fees and expenses, objected to fees and expenses will be paid within ten (10) |
| 3 |     | days of an agreement among the parties or entry of a Court order adjudicating the |
| 4 |     | matter; |
| 5 | jj. | Despite the periodic payment of Receiver's fees and administrative expenses, such |
| 6 |     | fees and expenses shall be submitted to the court for approval and confirmation in |
| 7 |     | the form of either a notice of interim application for fees, a stipulation among |
| 8 |     | parties or the Receiver's final account and report; |
| 9 | kk. | After expending the necessary funds to operate the Property and pay all reasonable |
| 10 |     | and necessary costs and expenses associated with such operation, the Receiver |
| 11 |     | shall maintain any remaining funds for distribution to the party legally entitled to |
| 12 |     | receive such funds as determined by this Court with such distribution to be make |
| 13 |     | in accordance with the requirements of NRS 107A.260; |
| 14 | ll. | The Receiver is authorized and empowered to take any and all steps necessary to |
| 15 |     | receive, collect and review all mail addressed to Borrower including, but not |
| 16 |     | limited to, mail addressed to any post office boxes held in the name of Borrower, |
| 17 |     | and the Receiver is authorized to instruct the U.S. Postmaster to reroute, hold, and |
| 18 |     | or release said mail to said Receiver. Mail reviewed by the Receiver in the |
| 19 |     | performance of his duties will promptly be forwarded to Borrower after review by |
| 20 |     | the Receiver; |
| 21 | mm. | To generally do such other things as may be necessary or incidental to the |
| 22 |     | foregoing specific powers, directions and general authorities and take actions |
| 23 |     | relating to the Property beyond the scope contemplated by the provisions set forth |
| 24 |     | above, provided the Receiver obtains prior court approval for any actions beyond |
| 25 |     | the scope contemplated herein; |
| 26 | nn. | To apply to the Court at any time during the course of the receivership for further |
| 27 |     | directions and guidance to assist the Receiver in its managerial role; |
| 28 | oo. | Notwithstanding anything in this Order to the contrary, Receiver does not assume |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

11369533.1

- 10 -

and is not obligated to assume and will not on obliged to pay, perform or otherwise discharge any Employment Related Liability (as defined below) of Defendant. Defendant is and will be solely and exclusively liable with respect to all Employment Related Liabilities. Without limitation of the generality of the foregoing, the term "Employment Related Liabilit(ies)" includes all liabilities of Defendant to any former or current employee in any way related to such employee's employment with or separation from the Defendant including, but not limited to, any claims: (i) for salary, wages, commissions, bonuses, benefits, vacation, or any other form of compensation; (ii) arising out of any acts or omissions of Defendant or Defendant's agents and representatives with respect to any benefit plan, employee practices or employee programs, including employee claims of discrimination, retaliation or other wrongful conduct or discharge decisions; (iii) severance liabilities; (iv) obligations under employment contracts or any other related agreements with employees; (v) any change of control amounts payable to any employees; (vi) all liabilities under the Worker Adjustment and Retraining Notification Act (WARN) 29 U.S.C. 2101 *et seq*, or similar state statute or regulation and (vii) any other statutory or common law claim;

pp.  Neither Plaintiff nor the Receiver shall be liable for any obligation of Defendant relating to the Property that arose prior to this Order, including, without limitation, any contingent or unliquidated obligations, nor shall the Plaintiff or the Receiver be obligated to advance any funds to pay any expense of maintenance or other liability of the Property other than as cash flows from the Rents permit payment of such expenses;

qq.  The Receiver shall have no liability to any party for any claims, actions or causes of action arising out of or relating to events or circumstances occurring prior to the appointment of the Receiver. This protection of the Receiver from liability shall include, but not be limited to any liability from the performance of services rendered by third parties on behalf of Defendant, and any liability to which

11369533.1

- 11 -

|   |   | Defendant is currently or may ultimately be exposed under any applicable laws pertaining to the ownership and use of the Property and operation of the Defendant's businesses; |
|---|---|---|

    ss.    The Receiver shall not be responsible for payment of any utility bills, unpaid payroll expenses or other unpaid invoices for services or utilities incurred by the Borrower or for the benefit of the Property prior to the Receiver's taking possession of the Property.

    tt.    Following the Receiver's appointment, the Receiver shall not be deemed in any way to be an owner of the Property. If the Receiver shall have acted in accordance with the terms and conditions of this Order, the Receiver shall have no liability as to any claim, actions or causes of action of any third parties who have or would have claims against the owner of the Property or any officer director or partner thereof, including without limitation, any claims under any federal or state environmental laws; provided however, the Receiver shall be liable for: breach of any contract entered into by Receiver; the Receiver's own negligence, intentional or willful misconduct; or actions taken by the Receiver that are not authorized by the terms of this Order.

5.    **NON-INTERFERENCE WITH RECEIVER:** Borrower, including, without limitation, his agents, representatives, and employees, are enjoined from:

    a.    Interfering with the Receiver, directly or indirectly, in the management and operation of the Property;

    b.    Interfering with the Receiver, directly or indirectly, in the collection of Rents derived from the Property;

    c.    Collecting or attempting to collect the Rents derived from the Property;

    d.    Extending, dispersing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in or disposing of the whole or any part of the Property (including the Rents thereof) without the prior written consent of the Receiver; provided, however, that nothing contained in this Order

shall prohibit or restrain Plaintiff from initiating and/or completing a sale by judicial or non-judicial foreclosure of Property, or any portion thereof, and thereafter taking title and possession thereto; and

  e. Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property (including the Rents thereof) or the interest of Plaintiff in the Property and in said Rents.

 6. TURNOVER: Borrower and his property managers, architects, contractors, subcontractors and employees, and all other persons with actual or constructive knowledge of this Order and their agents and employees, shall:

  a. Turn over to the Receiver the possession of the Property, including all keys to all locks on the Property, and the records, books of account, ledgers and all business records for the Property (including, without limitation, construction contracts and subcontracts, the plans, specifications and drawings relating to or pertaining to any part or all of the Property), wherever located in and whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto as well as all banking records, statements and canceled checks);

  b. Turn over to the Receiver all documents which constitute or pertain to all licenses, permits or governmental approvals relating to the Property;

  c. Turn over to the Receiver all documents which constitute or pertain to insurance policies, whether currently in effect or lapsed which relate to the Property;

  d. Turn over to the Receiver all contracts, leases and subleases, royalty agreements, licenses, assignments or other agreements of any kind whatsoever, whether currently in effect or lapsed, which relate to any interest in the Property;

  e. Turn over to the Receiver all documents pertaining to past, present or future construction of any type with respect to all or any part of the Property;

  f. Turn over to the Receiver all documents of any kind pertaining to any and all toxic chemicals or hazardous material, if any, ever brought, used and/or remaining upon

11369533.1

- 13 -

the Property, including, without limitation, all reports, surveys, inspections, checklists, proposals, orders, citations, fines, warnings and notices;

g. Nothing herein is intended to, nor is to be construed to, require Borrower Management to turn over any documents protected from disclosure by either the attorney-client privilege or the attorney work product privilege; and

h. Turn over to the Receiver all Rents derived from the Property (including, without limitation, all security deposits, advances, prepaid rents, storage fees, and parking fees) wherever and whatsoever mode maintained.

7. DISCHARGE: The Receiver shall relinquish possession and control of the Property to Borrower if the loan is paid in full or to the purchaser at any judicial or nonjudicial foreclosure sale of the Property, if Lender, in its sole discretion, should elect to initiate and prosecute a judicial or nonjudicial foreclosure under the Deeds of Trust or applicable law, pending approval of the Receiver's final account and report to the Court. Upon relinquishing possession and control of the Property or any part thereof, the Receiver shall be discharged from all further duties, liabilities and responsibilities relating to such Property or such portion thereof, pending approval of the Receiver's final account and report to the Court relating thereto.

8. BANKRUPTCY. If Borrower files a bankruptcy case during the receivership, Plaintiff shall give notice of the bankruptcy case to the Court, to all parties, and to the Receiver. If the Receiver receives notice that the bankruptcy has been filed and part of the bankruptcy estate includes property that is the subject of this Order, the Receiver shall have the following duties:

a. The Receiver shall immediately contact the party who obtained the appointment of the Receiver and determine whether that party intends to move in the bankruptcy court for an order for (1) relief from the automatic stay, and (2) relief from the Receiver's obligation to turn over the Property (11 U.S.C. § 543). If the party has no intention to make such a motion, the Receiver shall immediately turn over the property to the appropriate entity – either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession – and otherwise comply with 11 U.S.C. § 543.

11369533.1

- 14 -

    b.    Unless otherwise ordered by the Bankruptcy Court, remain in possession pending resolution. If the party who obtained the receivership intends to seek relief immediately from both the automatic stay and the Receiver's obligation to turn over the Property, the Receiver may remain in possession and preserve the Property pending the ruling on those motions (11 U.S.C. § 543(a)). The Receiver's authority to preserve the Property shall be limited as follows: (1) the Receiver may continue to collect Rents and other income; (2) the Receiver may make only those disbursements necessary to preserve and protect the Property; (3) the Receiver shall not execute any new leases or other long-term contracts; and; (4) the Receiver shall do nothing that would effect a material change in the circumstances of the Property.

    c.    Turn over property if no motion for relief is filed within 10 court days after notice of the Bankruptcy. If the party who obtained the receivership fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the receiver shall immediately turn over the property to the appropriate entity – either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession – and otherwise comply with 11 U.S.C. § 543.

    d.    Retain bankruptcy counsel. The Receiver may petition the court to retain legal counsel to assist the receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

9. The Receiver, Plaintiff, or any other party who maintains an interest in any property subject to this receivership, may at any time apply to this court for any further or other instructions and powers necessary to enable the Receiver to perform his duties properly and/or modify this order as to such property.

IT IS SO ORDERED this 11th day of August, 2010. Nunc Pro Tunc: 03/29/2010.

_____
Gloria M. Navarro
United States District Judge

Respectfully submitted,

SNELL & WILMER L.L.P.

By: _____
Michael Stein, Esq. (Bar No. 4760)
Kelly Dove, Esq. (Bar No. 10569)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for Plaintiff*

11369533.1